UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JAMES BLACK, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 2:22-CV-114-KAC-CRW |
| SHARON ROSE, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On August 3, 2022, Petitioner, a state prisoner, filed this action seeking habeas corpus relief under 28 U.S.C. § 2254 [*See* Doc. 1]. He specifically seeks relief from two 2017 Greene County, Tennessee convictions for first-degree murder [*Id.* at 1]. Now before the Court is Respondent's motion to dismiss the petition as time-barred [Doc. 14]. Respondent also filed the state court record [Doc. 13] and a memorandum in support of her Motion [Doc. 15]. Petitioner has not filed a response to Respondent's Motion, and his time to do so has passed. *See* E.D. Tenn. L.R. 7.1(a). Accordingly, Petitioner waived any opposition to the relief Respondent requests in the Motion. *See* E.D. Tenn. L.R. 7.2. For the reasons set forth below, Petitioner's Section 2254 petition is untimely. Thus, the Court **GRANTS** Respondent's Motion and **DISMISSES** this action.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"); codified at 28 U.S.C. § 2241, *et seq.*; provides a one-year statute of limitations for a petitioner to file an application for a federal writ of habeas corpus. As relevant here, AEDPA provides that this statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review . . . ." 28 U.S.C. § 2244(d)(1).

Because Petitioner filed his Section 2254 petition more than one year after the relevant judgments against him became final, the petition is untimely. Specifically, on August 22, 2018, the Tennessee Court of Criminal Appeals ("TCCA") affirmed Petitioner's convictions on direct appeal [*See* Docs. 13-18, 13-19]. Petitioner's convictions then became final on October 22, 2018—the day on which his time to request discretionary review by the Tennessee Supreme Court ("TSC") expired without Petitioner seeking such review. *See Transou v. Boyd*, No. 22-5166, 2022 WL 3910512, at *3 (6th Cir. Aug. 19, 2022) (concluding that a habeas corpus petitioner's convictions became final sixty (60) days after the TCCA affirmed them, when the petitioner's time to request the TSC's discretionary review expired (citing Tenn. R. App. P. 11(b) and *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)). The one-year AEDPA statute of limitations then ran from October 23, 2018 until May 13, 2019, when the limitations period clock paused because the state court clerk docketed Petitioner's pro se petition for post-conviction relief [*See* Doc. 13-20 at 4]. 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral relief" does not count towards calculation of the AEDPA statute of limitations). Thus, as of May 13, 2019, two-hundred two days of Petitioner's three-hundred-and-sixty-five-day AEDPA statute of limitations clock had run.

The statute of limitations remained paused from May 13, 2019 until January 13, 2022, the day after the TSC declined review of the TCCA's opinion affirming the denial of Petitioner's petition for post-conviction relief [*See* Doc. 13-30 at 1]. It then expired one-hundred sixty-three days later, without Petitioner seeking other state court collateral review of these convictions or filing a federal habeas corpus petition. Accordingly, Petitioner's petition for habeas corpus relief under Section 2254 is untimely.

Petitioner argues that his petition is timely because the AEDPA statute of limitations was tolled during the ninety (90) days in which he could have filed a petition for a writ of certiorari with the United States Supreme Court regarding the TCCA's denial of his direct appeal and/or denial of his post-conviction appeal. But that assertion is incorrect. *See Transou*, 2022 WL 3910512, at *3; *Lawrence v. Florida*, 549 U.S. 327, 331-35 (2007). Thus, as set forth above, Petitioner's Section 2254 Petition is untimely. Accordingly, the Court grants Respondent's motion to dismiss the petition as time-barred [Doc. 14].

Because the Court dismissed the petition, the Court must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a Section 2254 case only if a COA is issued. *See* 28 U.S.C. § 2253(c). And a COA should issue only where the petitioner has made a substantial showing of the denial of a constitutional right. *See id*. To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). No reasonable jurist would debate the Court's ruling that the Section 2254 petition is time-barred. Therefore, a COA will not issue. Further, the Court certifies that any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). As such, should Petitioner file a notice of appeal, he is denied leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge